**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTIAN WELLISCH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,<br><br>　　　　Defendant. | Case No.  22-cv-06897-BLF<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>[Re:  ECF No. 9] |

Before the Court is a motion to remand by Plaintiff Christian Wellisch.  ECF No. 9 ("Mot."); *see also* ECF No. 17 ("Reply").  He argues that Defendant Pennsylvania Higher Education Assistance Agency's ("PHEAA") Notice of Removal was untimely and failed to establish the amount in controversy.  *See* Mot.  PHEAA opposes the motion.  ECF No. 16 ("Opp.").  For the reasons stated below, the Court GRANTS Plaintiff's motion to remand.

**I.　BACKGROUND**

In 2022, Plaintiff Christian Wellisch filed two actions against PHEAA in Monterey County Superior Court related to his student loans.  Declaration of Christian Wellisch, ECF No. 9-1 ("Wellisch Decl.") ¶¶ 2, 7.  On May 31, 2022, Wellisch filed a petition under California Military and Veterans Code Section 409.3, with Case No. 22CV001497 ("2022 Petition").  *Id.* ¶ 2.  On July 18, 2022, Wellisch filed a civil action, with Case No. 22CV002077 ("Civil Action").  *Id.* ¶ 7.

On November 4, 2022, PHEAA filed a Notice of Removal of the Civil Action in federal court ("Federal Notice of Removal"), thereby instituting the instant action.  ECF No. 1.  The Federal Notice of Removal indicated that PHEAA was removing the Civil Action, identifying Case No. 22CV002077.  *Id.*  On November 9, 2022, PHEAA filed a notice of removal in the state court docket for the 2022 Petition ("State Court Notice 1"), when it should have filed a notice of

1  removal in the state court docket for the Civil Action, as the removal to federal court was
2  unrelated to the 2022 Petition. Declaration of Donald E. Bradley, ECF No. 16 ("Bradley Decl.") ¶
3  6, Ex. A. The State Court Notice 1 stated that the Civil Action was being removed, as did the
4  Federal Notice of Removal. *Id.* ¶¶ 5-6. PHEAA discovered its error on November 21, 2022,
5  when it checked the docket in the Civil Action and realized that no notice of removal had been
6  filed. *Id.* ¶ 7. That same day, PHEAA filed a notice of removal in the state court docket for the
7  Civil Action ("State Court Notice 2"), as it had intended to do all along. *Id.* ¶ 7, Ex. B. The
8  following day, PHEAA filed, in the state court docket for the 2022 Petition, a notice of withdrawal
9  of the inadvertently filed State Court Notice 1 in that case. *Id.* ¶ 8, Ex. C.

Wellisch filed the instant motion to remand. *See* Mot. His motion includes arguments as to both the 2022 Petition and the Civil Action. *See id.* PHEAA's opposition makes clear that this action is a removal of the Civil Action and not the 2022 Petition. *See* Opp. Because PHEAA does not seek to remove the 2022 Petition, the Court will not address Wellisch's arguments as to why removal of the 2022 Petition was improper. The question before the Court on this motion is whether the 2022 Civil Action should be remanded.

## II. LEGAL STANDARD

If a federal court has subject matter jurisdiction over a civil case filed in state court, the suit may be removed to federal court by the defendant. 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Diversity jurisdiction exists when the suit is between "citizens of different States" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564,

566 (9th Cir. 1992). The Ninth Circuit recognizes a "strong presumption against removal jurisdiction." *Id.* (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116-17 (9th Cir. 2004).

For removals based on diversity jurisdiction, where it is unclear from the face of the complaint whether the amount in controversy exceeds the jurisdictional requirement, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). The Court may look to the complaint and notice of removal, "as well as summary-judgment-type evidence relevant to the amount in controversy." *Id.*

### III.  ANALYSIS

Wellisch argues that the Court does not have jurisdiction because the amount in controversy in the Civil Action does not exceed $75,000. Mot. at 5-7. In the Federal Notice of Removal, Defendant provides the following explanation in support of its assertion that the amount in controversy exceeds $75,000:

> Paragraph 50 of Plaintiff's Complaint (Page 18, Line 8), within his first cause of action under California Civil Code Section 1788.100 *et seq.*, claims entitlement to and a demand for treble damages. The previous paragraph, Paragraph 49 (Page 17, Lines 26-28) references demand letters sent in October and December of 2021 to support his damage claims. . . . Other than the dates, the substantive allegations of these exhibits are identical, and include damage claims (at Heading 2 on Page 1) of $32,398.54 and "a lump sum of $25,000." Combined, the damage claim in these exhibits is $57,398.54. Trebling this damage claim under Plaintiff's first cause of action (and others) results in a total damage claim of at least $172,195.62.

ECF No. 1 ¶ 13. In calculating the amount in controversy, Defendant looked to demand letters that were attached to Plaintiff's complaint, in which letters Plaintiff requested Defendant credit his account in the amount of $32,398.54 and pay him a lump sum of $25,000. *See* ECF No. 1-1 ("Compl.") Exs. E, I (demand letters).

Plaintiff argues that Defendant has conflated the amounts at issue in the Petition and the Civil Action, as the $32,398.54 amount is in the Petition but not the Civil Action complaint. Mot.

3

1  at 5.  Defendant counters that its calculation of the amount in controversy was based on the Civil
2  Action, namely the demand letters attached to the complaint, and that Plaintiff never states in his
3  motion that the amount in controversy is less than $75,000.  Opp. at 7-8.  In Reply, Plaintiff argues
4  that the demand letters "were attached to the complaint not as evidence of an amount demanded,
5  but as evidence of Defendant's failure to respond to written requests."  Reply at 4.  He further
6  elaborates that he attached the letters to the complaint "to illustrate Defendant's failure to comply
7  with statutory requirements to answer written requests within set timeframes."  *Id.*  Plaintiff argues
8  that he needs to amend the Civil Action to state specific claims for monetary relief.  *Id.*

The relief requested in Plaintiff's complaint is summarized in the below table:

| No. | Cause of Action | Relief | Amount |
|---|---|---|---|
| 1 | Student Borrower Bill of Rights | Actual damages, injunctive relief, restitution, punitive damages, attorney's fees, and treble damages | Unspecified |
| 2 | Failure to Respond to Qualified Written Request | "[A]ll available relief, including triple damages" | Unspecified |
| 3 | California State Militia Protections | "[R]elief requested in [Plaintiff's] demand letters" | Demand letters request $57,398.54 |
| 4 | Negligence | Damages according to proof, interest, and costs | Unspecified |
| 5 | Intentional Interference with Economic Advantage | Damages according to proof, interest, and costs | Up to $1,583.84 |
| 6 | Declaratory Relief | Declaratory relief | Unspecified |
| 7 | Injunctive Relief | Injunctive relief | Credit of $9,495.80, but this is duplicative of Claim 3 |

Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.  None of the claims that include a request for treble damages include a specified value of underlying damages that could be tripled.  Plaintiff's first claim seeks treble damages, but that claim does not seek the amount in the demand letters; instead, the demand letters were referenced in that claim as evidence of Defendant's failure to timely respond to those letters and as evidence that Plaintiff provided Defendant with notice pursuant to statute.  *See* Reply at 4; Compl. ¶ 49.  Plaintiff does seek the amount in the demand letters in a different claim, claim 3, but that claim does not request treble damages.  *See* Compl. ¶ 63.  The Court notes that Plaintiff is not

4

entitled to attorneys' fees because he is proceeding pro se. *See Elwood v. Drescher*, 456 F.3d 943, 947 (9th Cir. 2006), *abrogated on other grounds by Citizens for Free Speech, LLC v. Cnty. of Alameda*, 953 F.3d 655 (9th Cir. 2020) ("*Kay* imposes a general rule that pro se litigants, attorneys or not, cannot recover statutory attorneys' fees." (citing *Kay v. Ehrler*, 499 U.S. 432 (1991))).

Defendant has not met its burden to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. The Court GRANTS the motion for remand. Because the Court has found that Defendant has not met its burden as to the amount in controversy, it need not address Plaintiff's other arguments.

## IV. ORDER

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand. Accordingly, the Court REMANDS this case. The Clerk SHALL remand this action to the Superior Court of California for the County of Monterey and close the case.

Dated: January 25, 2023

_____
BETH LABSON FREEMAN
United States District Judge